**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUN CHENYAN ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-7492 |
| ) | |
| v. ) | |
| ) | |
| THE PARTNERSHIPS AND ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE A ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff, Sun Chenyan, (hereinafter "Sun Chenyan" or "Plaintiff") by and through her counsel, Ford Banister IP, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto, (collectively, "Defendants") and for her Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.   This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.   This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events

1

giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products bearing infringing versions of Plaintiff's trademarks and/or copyrights. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, has sold products that infringe Plaintiff's trademarks and/or copyrights. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused substantial injury to Plaintiff in the State of Illinois.

**INTRODUCTION**

4. This action has been filed by Plaintiff to combat online trademark and copyright infringers who trade upon Plaintiff's reputation, goodwill and valuable trademarks and copyrights by selling and/or offering for sale products, hereinafter referred to as the "SU.CHENY Products," in connection with Plaintiff's federally registered SU.CHENY trademark, which is covered by U.S. Trademark Registration No. Reg. No. 5,799,337. The SU.CHENY Registration is valid, subsisting, and in full force and effect. A true and correct copy

of the federal trademark registration certificate for the SU.CHENY Mark is attached hereto as Exhibit One.

5. Plaintiff is the owner of the following U.S. copyrights:

A. Copyright Registration No. VA 2-133-902 which has an effective registration date of December 20, 2018;

B. Copyright Registration No. VA 2-133-901 which has an effective registration date of December 21, 2018;

C. Copyright Registration No. VA 2-133-900 which has an effective registration date of December 24, 2018;

D. Copyright Registration No. VA 2-133-857 which has an effective registration date of December 28, 2018;

E. Copyright Registration No. VA 2-111-313 which has an effective registration date of July 11, 2018.

True and correct copies of Plaintiff's copyright registrations, with relevant samples, are attached hereto as Exhibits Two to Six. (hereinafter, the "SU.CHENY Works")

6. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' infringement and/or counterfeiting of her SU.CHENY Products. Plaintiff has been and continues

to be irreparably damaged through consumer confusion, dilution, loss of control over creative content and tarnishment of her valuable trademark and copyrights as a result of Defendants' actions and seeks injunctive and monetary relief.

## THE PLAINTIFF

7. Plaintiff Sun Chenyan is a sole proprietor having her principal place of business at 275 South St., Apt. 3F, Vernon, CT 06066.

8. Plaintiff is engaged in the business of designing, manufacturing and retailing elegant and tasteful wedding shoes under her federally registered SU.CHENY Mark and utilizing her copyrighted SU.CHENY Works.

9. Plaintiff is the owner of all rights, title and interest in and to the SU.CHENY Mark, U.S. Trademark Registration No. 5,799,337. The registration is valid, subsisting, unrevoked and uncancelled. The registration for the SU.CHENY Mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the SU.CHENY Mark pursuant to 15 U.S.C. § 1057(b).

10. Plaintiff's SU.CHENY Mark is a recognized symbol of high-quality wedding shoes. Plaintiff has been using the mark since March 21, 2015, in connection with the advertising and sale of the SU.CHENY Products in interstate and foreign commerce, including commerce in the State of Illinois and the Northern District of Illinois.

11. The SU.CHENY Mark has been widely promoted, in conjunction with the SU.CHENY Works, both in the United States and throughout the world. Consumers, potential consumers and other members of the public recognize that SU.CHENY Products sold in the United States originate exclusively with Plaintiff.

12. Plaintiff maintains quality control standards for all products bearing the SU.CHENY Mark. Genuine products bearing the SU.CHENY Mark are distributed exclusively through Plaintiff's online storefronts on the eBay platform[1] utilizing her SU.CHENY Works. Sales of Plaintiff's SU.CHENY Products via Plaintiff's eBay stores represent the entirety of Plaintiff's business. Plaintiff's eBay stores feature proprietary content, images and designs exclusive to Plaintiff.

13. Plaintiff's SU.CHENY Mark is a highly visible and distinctive worldwide symbol of excellence in quality and is uniquely associated with Plaintiff. As a result, Plaintiff's SU.CHENY Products have continuously generated substantial revenues since the SU.CHENY Mark's first use in commerce.

14. Plaintiff's SU.CHENY Mark and SU.CHENY Works have never been assigned or licensed to any of the Defendants in this matter.

15. Plaintiff's SU.CHENY Mark is a symbol of Plaintiff's quality, reputation and goodwill and has never been abandoned.

16. Further, Plaintiff has expended substantial time, money and other resources developing, advertising and otherwise promoting the SU.CHENY Mark utilizing the SU.CHENY Works.

**THE DEFENDANTS**

17. Defendants are individuals and businesses who conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces identified in Schedule A, attached

---

[1] See https://www.ebay.com/str/weddingoverture and https://www.ebay.com/str/customurbeauty.

hereto. Each Defendant targets the United States, including Illinois, and has offered to sell and/or has sold and/or continues to sell counterfeit and/or infringing SU.CHENY products to consumers within the United States, including Illinois and in this Judicial District.

18. While Defendants' true identities and locations are now unknown to Plaintiff, upon information and belief, Defendants are primarily individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Tactics used by Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## THE DEFENDANTS' UNLAWFUL CONDUCT

19. The success of Plaintiff's SU.CHENY brand has resulted in its counterfeiting and infringement. Plaintiff has identified numerous domain names linked to marketplace listings on platforms such as eBay, Wish and Etsy, including the Defendant Internet Stores, as well as independent websites, which were offering for sale, selling, and/or importing counterfeit and/or infringing SU.CHENY Products to consumers in this Judicial District and throughout the United States.

20. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine SU.CHENY Products. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union and/or PayPal. Defendants' online storefronts often include images and design

elements, including Plaintiff's SU.CHENY Works with obliterated and/or blurred watermarks displaying the SU.CHENY Mark, that make it very difficult for consumers to distinguish such counterfeit and/or infringing sites from that of an authorized retailer. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos. Plaintiff has not licensed or authorized Defendants to use its SU.CHENY Mark and none of the Defendants are authorized retailers of genuine SU.CHENY Products.

21. Upon information and belief, Defendants also deceive unknowing consumers by using the SU.CHENY Mark without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for SU.CHENY Products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores' listings show up at or near the top of relevant search results and misdirect consumers searching for genuine SU.CHENY Products.

22. Defendants often go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online stores. For example, to avoid detection, Defendants register their online stores using names and physical addresses that are incomplete, contain randomly typed letters, or fail to include cities or states. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many

common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

23. There are also similarities among the Defendants' online stores. For example, some of the Defendant websites have virtually identical layouts. In addition, the counterfeit and/or infringing products for sale on the Defendants' online stores bear similarities and indicia of being related to one another, suggesting that the counterfeit and/or infringing SU.CHENY Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendants' online stores also include other notable common features, including accepted payment methods, check-out methods, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

24. Defendants in this case and defendants in other similar cases against online counterfeiters and/or infringers use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters and/or infringers like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters and/or infringers like Defendants also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters and/or infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

25. Further, counterfeiters and infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, the foreign Defendants maintain off-shore bank accounts and regularly move funds from their Wish.com, Paypal, Payoneer, Amazon Pay and other U.S. based financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

26. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and, on information and belief, continue to use the SU.CHENY Mark and SU.CHENY Works in connection with the advertisement, distribution, offering for sale, and sale of counterfeit and infringing SU.CHENY Products into the United States and Illinois over the Internet. Each of Defendants' online stores offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell counterfeit and/or infringing SU.CHENY Products into the United States, including Illinois.

27. Defendants' use of the SU.CHENY Mark and SU.CHENY Works in connection with the advertising, distribution, offering for sale, and sale of counterfeit products, including the sale of counterfeit and infringing SU.CHENY Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

28. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

29. This is a trademark counterfeiting and infringement action against Defendants based on their unauthorized use in commerce of counterfeit and infringing imitations of the SU.CHENY trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The SU.CHENY Mark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products provided under the SU.CHENY Mark.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and/or are still selling, offering to sell, marketing, distributing, and advertising products in connection with the SU.CHENY Mark without Plaintiff's permission.

31. Plaintiff is the exclusive owner of the SU.CHENY Mark. Plaintiff's United States Registration for the SU.CHENY Mark (Exhibit One) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the SU.CHENY Mark and are willfully infringing and intentionally using counterfeits of the SU.CHENY Mark. Defendants' willful, intentional and unauthorized use of the SU.CHENY Mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well known SU.CHENY Mark.

34. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit and/or infringing SU.CHENY products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. Defendants' promotion, marketing, offering for sale, and sale of counterfeit SU.CHENY products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit and infringing SU.CHENY Products by Plaintiff.

37. By using the SU.CHENY Mark in connection with the sale of counterfeit and infringing SU.CHENY Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

38. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit and infringing SU.CHENY products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

39. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit and infringing SU.CHENY Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine SU.CHENY Products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

41. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

42. Plaintiff has no adequate remedy at law and Defendants' conduct has caused Plaintiff to suffer damage to her reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT IV
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501(a)

43. Plaintiff re-pleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

44. Plaintiff's copyrighted SU.CHENY Works have significant value and have been produced and created at considerable expense.

45. Plaintiff, at all relevant times, has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the copyrighted SU.CHENY Works. The SU.CHENY Works are the subject of valid copyright registrations. (Exhibits Two to Six).

46. Among the rights granted to Plaintiff is the exclusive right to market and sublicense the right to copy, reproduce, and display the SU.CHENY Works and make derivative works thereof.

47. Each of the SU.CHENY Works has independent economic value, has been utilized by Plaintiff in the marketing of her SU.CHENY Brand products and has produced substantial revenue for Plaintiff.

48. Plaintiff's SU.CHENY Works have never been assigned or licensed to any of the Defendants in this matter.

49. Defendants had access to the copyrighted SU.CHENY Works through Plaintiff's normal online business activities. The SU.CHENY Works are prominently featured on Plaintiff's online storefronts so that anyone accessing the online storefronts cannot avoid viewing the SU.CHENY Works. After accessing the SU.CHENY Works, Defendants wrongfully created copies of the SU.CHENY Works without Plaintiff's consent and engaged in acts of widespread infringement.

50. Plaintiff is informed and believes and thereon alleges that Defendants further infringed the SU.CHENY Works by producing and distributing reproductions without Plaintiff's permission.

51. Each Defendant, without the permission or consent of the Plaintiff, has and continues to infringe the SU.CHENY Works. Each Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

52. Defendants knew of Plaintiff's copyright and knew their acts constituted copyright infringement because, *inter alia*, eighty-four of the eighty-five relevant SU.CHENY Works, attached hereto as Exhibits Two to Six, were registered with and at all times relevant have been displayed by Plaintiff with a watermark clearly showing Plaintiff's SU.CHENY Mark.

53. As a direct result of Defendants acts of copyright infringement, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyright. Plaintiff is entitled to disgorgement of Defendants' profits, directly and indirectly, attributable to their infringement.

54. The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, in disregard of, and with indifference to the rights of the Plaintiff.

**COUNT V
FALSIFICATION, REMOVAL, AND ALTERATION OF
COPYRIGHT MANAGEMENT INFORMATION
17 U.S.C. § 1202**

55. Plaintiff re-pleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

56. Defendants knew of Plaintiff's copyright and knew their acts constituted copyright infringement because, *inter alia*, eighty-four of the eighty-five relevant SU.CHENY Works, attached hereto as Exhibits Two to Six, were registered with and at all times relevant have been displayed by Plaintiff with a watermark clearly showing Plaintiff's SU.CHENY Mark.

57. Defendants intentionally falsified, altered and/or removed copyright management information related to the SU.CHENY Works with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights under the Copyright Act. Specifically, Defendants

purposefully failed to credit Plaintiff in order to mislead the public into believing that Defendants either owned the SU.CHENY Works or had legitimately licensed it for their use in relation to Defendants' sale and offer for sale of the counterfeit and infringing SU.CHENY Products.

58. Defendants' conduct constitutes a violation of 17 U.S.C. § 1202(a) and 1202(b).

59. Defendants' falsification, removal, and/or alteration of said copyright management information was done without Plaintiff's knowledge or authorization.

60. Defendants' falsification, removal, and/or alteration of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the SU.CHENY Works. Defendant also knew, or had reason to know, that such removal and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyright in the SU.CHENY Works.

61. Plaintiff has sustained significant injury and monetary damages as a result of Defendants' wrongful acts, as herein above alleged, and as a result of being involuntarily associated with Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Sun Chenyan, prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the SU.CHENY Mark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine SU.CHENY Product or is not authorized by Plaintiff to be sold in connection with the SU.CHENY Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine SU.CHENY Product or any other product produced by Plaintiff that is not Plaintiff's or is not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the SU.CHENY Mark;

c. committing any acts calculated to cause consumers to believe that Defendants' Infringing SU.CHENY Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the SU.CHENY Mark and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the SU.CHENY Mark, or any reproductions, counterfeit copies, or colorable imitations thereof, or the SU.CHENY Mark or artifacts are derivative works thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Online Stores or other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the SU.CHENY Mark or SU.CHENY Works or derivative works thereof;

g. operating and/or hosting websites which are involved with the distribution, marketing, advertising, offering for sale, or sale products or inventory not authorized by Plaintiff which bear the SU.CHENY Mark or SU.CHENY Works or derivative works thereof;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, eBay, Wish, Joom and AliExpress, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the SU.CHENY Mark or bearing the SU.CHENY Works or derivative works thereof;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods using without authorization the SU.CHENY Mark or SU.CHENY Works or derivative works thereof; and

c. take all steps necessary to prevent links to the Defendant Online Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Online Stores from any search index;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the SU.CHENY Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the SU.CHENY Mark;

5) For Judgment in favor of Plaintiff against Defendants that they have:

(i) willfully infringed Plaintiff's rights in its federally registered copyrights pursuant to 17 U.S.C. § 501; and

(ii) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

6) For Judgment in favor of Plaintiff against Defendants for statutory damages in an amount up to $150,000.00 for each work infringed pursuant to 17 U.S.C. § 504(c);

7) For Judgment in favor of Plaintiff against Defendants for statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in an amount up to $25,000 for each violation of 17 U.S.C. § 1202;

8) That Plaintiff be awarded its reasonable attorneys' fees and costs as available under 15 U.S.C. § 1117, 17 U.S.C. § 505, 815 ILCS § 510/3, and other applicable law;

9) Plaintiff demands a trial by jury;

10) Any and all other relief that this Court deems just and proper.

Respectfully submitted this 18th day of December, 2020,

/s/ L. Ford Banister, II
Bar No. 5446539
Ford Banister IP
244 5th Avenue, Ste. 1888
New York, NY 10001
Telephone: 212-574-8107
Email: ford@fordbanister.com
*Attorney for Plaintiff*

18